**CONNELL FOLEY LLP**
1085 Raymond Boulevard, Nineteenth Floor
Newark, NJ 07102
Telephone: 973.436.5800
Attorneys for Defendants, Western Express, Inc., and Henry McFadden

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> HENRY MCFADDEN, WESTERN EXPRESS, INC., and/or JOHN DOE #1 through #5 (fictitious names of yet to be identified parties to this litigation), jointly, severally and/or in the alternative, <br><br> Defendants. | CIVIL ACTION NO._____ <br><br> (HONORABLE _____) |

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446, defendants, Western

Express, Inc. ("Western Express"), a Tennessee corporation, with its principal offices in

Nashville, Tennessee, and Henry McFadden ("McFadden"), a citizen of the State of

Pennsylvania (collectively "Defendants"), through their counsel, Connell Foley LLP, hereby

remove to this Court the above styled action, pending as Case No. BUR-L-1514-22 in the

Superior Court of New Jersey, Burlington County, Law Division. Defendants believe that all of

plaintiff's claims are without merit, and will dispute them at the appropriate time, but for

purposes of removal state as follows:

1.      Defendants desire to exercise their right under the provisions of 28 U.S.C. § 1441 to remove this action from the Superior Court of New Jersey, Law Division, Burlington County, where the case is now pending under the name and style, William Young v. Henry McFadden, et al., bearing Docket No. BUR-L-1514-22.

2.      In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint filed by plaintiff on or about August 17, 2022, in the Superior Court of New Jersey, Burlington County, is attached hereto as Exhibit A.

3.      Western Express was served with a copy of the Summons and Complaint on August 23, 2022.

4.      To date, service of the Summons and Complaint have not been effectuated upon McFadden.

5.      A copy of Defendants' Answer to the Complaint, also filed separately, is attached hereto as Exhibit B.

6.      This action is removable to this Court by Defendants, pursuant to 28 U.S.C. §1441(a).  A defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014) (noting that 28 U.S.C. § 1446(a) by design tracks the "short and plain statement" pleading requirement of Fed. R. Civ. P. 8(a).) Accordingly, courts should apply the same liberal rules to removal applications that are applied to other matters of pleading. Id.

7.      This action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action wherein the matter in controversy

exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8.      Complete diversity of citizenship exists between plaintiff and Defendants.

9.      Plaintiff, William Young, is, upon information and belief, a citizen of the State of New Jersey, residing in Medford, New Jersey. (See Plaintiff's Complaint, at Introductory Paragraph).

10.     For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).   Western Express is, and was at the time of filing, a corporation incorporated under the laws of the state of Tennessee, with its principal place of business in Nashville, Tennessee.  Thus, Western Express is a citizen of Tennessee.

11.     McFadden is, and was at the time of filing, a citizen of the State of Pennsylvania, residing in Vandergrift, Pennsylvania.

12.     As required by 28 U.S.C. § 1332(a)(1) and 1441(b)(2), complete diversity exists because no defendant properly served is a citizen of the same state as the plaintiff.  Accordingly, there is diversity of citizenship between the parties.

13.     Furthermore, the amount in controversy exceeds $75,000.00.

14      Plaintiff's Complaint alleges that as a result of the accident at issue, he "caused to suffer severe and egregious industries that are deemed to be ongoing and of a permanent nature; was prevented and/or restricted and will continue to be prevented and/or restricted from attending his usual and customary business, employment, duties and activities; suffered and continues to suffer great pain and suffering; sustained severe mental anguish and psychological trauma; sustained vehicular damage and related losses/damages and has otherwise been injures

and/or damages in a severe and permanent manner such that the injured body part(s) or organ has/have not and will not heal to function normally with further medical treatment." (See Plaintiff's Complaint, at ¶ 4).

15.    Defendants, therefore, present a good faith application to the Court that plaintiff's Complaint seeks damages in excess of the amount in controversy requirement of $75,000.00 in accordance with 28 U.S.C. § 1332.

16.    The within Notice of Removal is hereby filed within thirty (30) days of Defendants' receipt of plaintiff's Complaint, and within one year after the commencement of the action. See 28 U.S.C. § 1446(b)(3) and (c)(1).

**WHEREFORE**, defendants, Western Express, Inc., and Henry McFadden, request that the above action now pending in the Superior Court of New Jersey, Burlington County, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

CONNELL FOLEY LLP
Attorneys for Defendants,
Western Express, Inc., and Henry McFadden

By: _____
Matthew W. Bauer

Dated:  September 12, 2022

## LOCAL CIVIL RULE 11.2

I, Matthew W. Bauer, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

CONNELL FOLEY LLP
Attorneys for Defendants,
Western Express, Inc., and Henry McFadden

By: _____
        Matthew W. Bauer

Dated:  September 12, 2022

6642497-1

# EXHIBIT A

PETRILLO & GOLDBERG, P.C.
By: STEVEN M. PETRILLO, ESQUIRE
6951 North Park Drive
Pennsauken, NJ  08109
(856)486-4343
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| WILLIAM YOUNG,<br><br>     Plaintiff,<br><br>   v.<br><br>HENRY MCFADDEN, WESTERN EXPRESS, INC. and/or JOHN DOE #1 through #5 (fictitious names of yet to be identified parties to this litigation), jointly, severally and/or in the alternative,<br><br>     Defendant(s) | *SUPERIOR COURT OF NEW JERSEY*<br>BURLINGTON COUNTY<br>LAW DIVISION<br><br>DOCKET NO: BUR-L-1514-22<br><br>**CIVIL ACTION**<br><br>**SUMMONS** |

From The State of New Jersey, To The Defendant(s) Named Above:

Western Express, Inc.

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.   The complaint attached to this summons states the basis for this lawsuit.   If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.   (The address of each deputy clerk of the Superior Court is provided.)   An   $175.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.   You must also send a copy of your answer or motion to plaintiff=s attorney whose name and address appear above, or to plaintiff, if no attorney is named above.   A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.   A list of these offices is provided.   If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.   A list of these numbers is also provided.

MICHELLE SMITH
Clerk of the Superior Court

DATED:     August 19, 2022

Name of Defendant to be Served:              Western Express, Inc.
Address of the Defendant to be Served:       7135 Centennial Place
                                             Nashville, TN 37209

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERKS' OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Boulevard – 1st Floor
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444

LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044

LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
49 Rancocas Road – 1st Floor
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862

LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice - 1st Floor, Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520

LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313

LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207

LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207

LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589

LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727

LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611

LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
P.O. Box 8068
Trenton, NJ 08650

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
56 Paterson Street
P.O. Box 2633
New Brunswick, NJ 08903-2633

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
P.O. Box 1269
Freehold, NJ 07728-1269

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
P.O. Box 910
Morristown, NJ 07963-0910

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street
Toms River, NJ 08754

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
77 Hamilton Street
Paterson, NJ 07505

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
P.O. Box 29
Salem, NJ 08079

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
40 North Bridge Street
P.O. Box 3000
Somerville, NJ 08876

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(609) 585-6200

LEGAL SERVICES
(609) 695-6249

LAWYER REFERRAL
(732) 828-0053

LEGAL SERVICES
(732) 249-7600

LAWYER REFERRAL
(732) 431-5544

LEGAL SERVICES
(732) 866-0020

LAWYER REFERRAL
(973) 267-5882

LEGAL SERVICES
(973) 285-6911

LAWYER REFERRAL
(732) 240-3666

LEGAL SERVICES
(732) 341-2727

LAWYER REFERRAL
(973) 278-9223

LEGAL SERVICES
(973) 523-2900

LAWYER REFERRAL
(856) 678-8363

LEGAL SERVICES
(856) 451-0003

LAWYER REFERRAL
(908) 685-2323

LEGAL SERVICES
(908) 231-0840

LAWYER REFERRAL
(973) 267-5882

LEGAL SERVICES
(973) 383-7400

LAWYER REFERRAL
(908) 353-4715

LEGAL SERVICES
(908) 354-4340

LAWYER REFERRAL
(973) 267-5882

LEGAL SERVICES
(908) 475-2010

PETRILLO & GOLDBERG, P.C.
By: Steven M. Petrillo, Esquire
ATTORNEY I.D.#: 023491983
6951 North Park Drive
Pennsauken, New Jersey 08109
(856) 486-4343
Attorneys for plaintiff

| | |
|---|---|
| WILLIAM YOUNG,<br><br>          Plaintiff,<br><br>     v.<br><br>HENRY MCFADDEN, WESTERN<br>EXPRESS, INC. and/or JOHN DOE<br>#1 through #5 (fictitious<br>names of yet to be identified<br>parties to this litigation),<br>jointly, severally and/or in<br>the alternative,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>LAW DIVISION<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

The plaintiff, William Young, residing at 5 Sawmill Road in the Township of Medford, County of Burlington and State of New Jersey, by way of complaint against the defendants, says:

<u>FIRST COUNT</u>

1. On or about October 27, 2020, the plaintiff, William Young, was operating a motor vehicle that was stopped in an easterly direction on Route 37 west approximately 1,000 feet from its intersection with St. Catherine Boulevard in the Township of Toms River, County of Ocean and State of New Jersey.

2. At the aforementioned time, the defendant, Henry McFadden, was operating a motor vehicle owned by the defendant,

Western Express, Inc. that was stopped in an easterly direction on Route 37 West approximately 1,000 feet from its intersection with St. Catherine Boulevard in the Township of Toms River, County of Ocean and State of New Jersey, but then suddenly began traveling in reverse.

3.   At the aforesaid time and place, the defendant, Henry McFadden, did so negligently, carelessly and/or recklessly operate, maintain and/or control that motor vehicle operated by him at the time, failing to make proper observations, failing to keep a proper lookout, failing to travel in reverse before it was safe to do so, driving while distracted; and the defendant, Henry McFadden, was otherwise negligent, careless and/or reckless in causing a vehicular collision to occur as between the plaintiff's and defendant's motor vehicle.

4.   As a direct and proximate result of the aforegoing, the plaintiff, William Young, was caused to suffer severe and egregious injuries that are deemed to be ongoing and of a permanent nature; was prevented and/or restricted and will continue to be prevented and/or restricted from attending his usual and customary business, employment, duties and activities; suffered and continues to suffer great pain and suffering; sustained severe mental anguish and psychological trauma; sustained vehicular damage and related

2

losses/damages and he has been otherwise injured and/or damaged in a severe and permanent manner such that the injured body part(s) or organ has/have not and will not heal to function normally with further medical treatment.

WHEREFORE, the plaintiff, William Young, demands judgment against the defendant, Henry McFadden, for such sums as will reasonably and properly compensate him in accordance with the laws of the State of New Jersey together with interest and costs of suit.

## SECOND COUNT

1. Each and every paragraph of the first count of this complaint is hereby repeated and incorporated herein as if more fully set forth at length.

2. Defendant, Western Express, Inc. and/or John Doe #1 through #5 (fictitious names of yet to be identified parties to this litigation), at the time of the aforedescribed vehicular collision and at all times relevant hereto, were the principals or employers of the defendant, Henry McFadden, who acted, at all times relevant hereto, at the direction of, in furtherance of the goals of, at the request of or in the course of the employment of the defendant, Western Express, Inc. and/or John Doe #1 through #5, as their agent, servant and/or employee.

3

3.   At the time of the aforedescribed vehicular collision and at all times relevant hereto, the defendant, Western Express, Inc. and/or John Doe #1 through #5, were negligent, careless and/or reckless in and of their own accord, in their employment and/or engagement of the services or agency of and/or in their negligent entrustment of a motor vehicle to the defendant, Henry McFadden; said defendants, Western Express, Inc. and/or John Doe #1 through #5, were otherwise negligent, careless and/or reckless proximately causing the plaintiff's injuring incident aforedescribed.

4.   As a direct and proximate result of the aforegoing, the plaintiff, William Young, sustained the aforedescribed injuries and damages and he has been otherwise injured and/or damaged in a permanent and severe manner.

WHEREFORE, the plaintiff, William Young, demands judgment against the defendants, Henry McFadden, Western Express, Inc. and/or John Doe #1 through #5 (fictitious names of yet to be identified parties to this litigation), jointly, severally and/or in the alternative, pursuant to the doctrine of respondeat superior, as well as for their independent tortious conduct for such sums as will reasonably and properly compensate him in accordance with the laws of the State of New Jersey together with interest and costs of suit.

4

## JURY DEMAND

PLEASE TAKE NOTICE that the plaintiff, William Young, respectfully demands a trial by jury as to all issues herein.


## ATTORNEY'S CERTIFICATION

The undersigned, an attorney at law in the State of New Jersey, hereby certifies that to the best of my present knowledge, the within matter is not the subject of any other actions or arbitration proceedings, nor are any such other actions or arbitration proceedings presently contemplated in this matter.


## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that SCOTT M. GOLDBERG, ESQUIRE, Attorney ID #020751987, is hereby designated as trial counsel relative to this matter.

PETRILLO & GOLDBERG, P.C.


BY: /s/  *Steven M. Petrillo, Esquire*
       STEVEN M. PETRILLO, ESQUIRE

Dated: 8/17/2022

5

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-001514-22**

Case Caption: YOUNG WILLIAM  VS MCFADDEN HENRY

Case Initiation Date: 08/17/2022

Attorney Name: STEVEN M PETRILLO

Firm Name: PETRILLO & GOLDBERG, PC

Address: COOPER RIVER LAW BUILDING 6951 NORTH
PARK DRIVE
PENNSAUKEN NJ 08109

Phone: 8564864343

Name of Party: PLAINTIFF : Young, William

Name of Defendant's Primary Insurance Company
(if known): Cottingham & Butler Insurance Services

Case Type: AUTO NEGLIGENCE-PERSONAL INJURY (NON-
VERBAL THRESHOLD)

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: William Young? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

                                                                    /s/ STEVEN M PETRILLO
                                                                              Signed
08/17/2022
Dated

PETRILLO & GOLDBERG, P.C.
By: Steven M. Petrillo, Esquire
ATTORNEY I.D.#: 023491983
6951 North Park Drive
Pennsauken, New Jersey 08109
(856) 486-4343
Attorneys for plaintiff

WILLIAM YOUNG,

Plaintiff,

v.

HENRY MCFADDEN, WESTERN
EXPRESS, INC. and/or JOHN DOE
#1 through #5 (fictitious
names of yet to be identified
parties to this litigation),
jointly, severally and/or in
the alternative,

Defendants.

SUPERIOR COURT OF NEW JERSEY
BURLINGTON COUNTY
LAW DIVISION

DOCKET NO.

CIVIL ACTION

COMPLAINT AND JURY DEMAND

The plaintiff, William Young, residing at 5 Sawmill Road in the Township of Medford, County of Burlington and State of New Jersey, by way of complaint against the defendants, says:

### FIRST COUNT

1. On or about October 27, 2020, the plaintiff, William Young, was operating a motor vehicle that was stopped in an easterly direction on Route 37 west approximately 1,000 feet from its intersection with St. Catherine Boulevard in the Township of Toms River, County of Ocean and State of New Jersey.

2. At the aforementioned time, the defendant, Henry McFadden, was operating a motor vehicle owned by the defendant,

Western Express, Inc. that was stopped in an easterly direction on Route 37 West approximately 1,000 feet from its intersection with St. Catherine Boulevard in the Township of Toms River, County of Ocean and State of New Jersey, but then suddenly began traveling in reverse.

3. At the aforesaid time and place, the defendant, Henry McFadden, did so negligently, carelessly and/or recklessly operate, maintain and/or control that motor vehicle operated by him at the time, failing to make proper observations, failing to keep a proper lookout, failing to travel in reverse before it was safe to do so, driving while distracted; and the defendant, Henry McFadden, was otherwise negligent, careless and/or reckless in causing a vehicular collision to occur as between the plaintiff's and defendant's motor vehicle.

4. As a direct and proximate result of the aforegoing, the plaintiff, William Young, was caused to suffer severe and egregious injuries that are deemed to be ongoing and of a permanent nature; was prevented and/or restricted and will continue to be prevented and/or restricted from attending his usual and customary business, employment, duties and activities; suffered and continues to suffer great pain and suffering; sustained severe mental anguish and psychological trauma; sustained vehicular damage and related

2

losses/damages and he has been otherwise injured and/or damaged in a severe and permanent manner such that the injured body part(s) or organ has/have not and will not heal to function normally with further medical treatment.

WHEREFORE, the plaintiff, William Young, demands judgment against the defendant, Henry McFadden, for such sums as will reasonably and properly compensate him in accordance with the laws of the State of New Jersey together with interest and costs of suit.

## SECOND COUNT

1. Each and every paragraph of the first count of this complaint is hereby repeated and incorporated herein as if more fully set forth at length.

2. Defendant, Western Express, Inc. and/or John Doe #1 through #5 (fictitious names of yet to be identified parties to this litigation), at the time of the aforedescribed vehicular collision and at all times relevant hereto, were the principals or employers of the defendant, Henry McFadden, who acted, at all times relevant hereto, at the direction of, in furtherance of the goals of, at the request of or in the course of the employment of the defendant, Western Express, Inc. and/or John Doe #1 through #5, as their agent, servant and/or employee.

3

3.   At the time of the aforedescribed vehicular collision and at all times relevant hereto, the defendant, Western Express, Inc. and/or John Doe #1 through #5, were negligent, careless and/or reckless in and of their own accord, in their employment and/or engagement of the services or agency of and/or in their negligent entrustment of a motor vehicle to the defendant, Henry McFadden; said defendants, Western Express, Inc. and/or John Doe #1 through #5, were otherwise negligent, careless and/or reckless proximately causing the plaintiff's injuring incident aforedescribed.

4.   As a direct and proximate result of the aforegoing, the plaintiff, William Young, sustained the aforedescribed injuries and damages and he has been otherwise injured and/or damaged in a permanent and severe manner.

WHEREFORE, the plaintiff, William Young, demands judgment against the defendants, Henry McFadden, Western Express, Inc. and/or John Doe #1 through #5 (fictitious names of yet to be identified parties to this litigation), jointly, severally and/or in the alternative, pursuant to the doctrine of respondeat superior, as well as for their independent tortious conduct for such sums as will reasonably and properly compensate him in accordance with the laws of the State of New Jersey together with interest and costs of suit.

4

## JURY DEMAND

PLEASE TAKE NOTICE that the plaintiff, William Young, respectfully demands a trial by jury as to all issues herein.

## ATTORNEY'S CERTIFICATION

The undersigned, an attorney at law in the State of New Jersey, hereby certifies that to the best of my present knowledge, the within matter is not the subject of any other actions or arbitration proceedings, nor are any such other actions or arbitration proceedings presently contemplated in this matter.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that SCOTT M. GOLDBERG, ESQUIRE, Attorney ID #020751987, is hereby designated as trial counsel relative to this matter.

PETRILLO & GOLDBERG, P.C.

BY: /s/ Steven M. Petrillo, Esquire
    STEVEN M. PETRILLO, ESQUIRE

Dated: 8/17/2022

5

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001514-22

**Case Caption:** YOUNG WILLIAM VS MCFADDEN HENRY
**Case Initiation Date:** 08/17/2022
**Attorney Name:** STEVEN M PETRILLO
**Firm Name:** PETRILLO & GOLDBERG, PC
**Address:** COOPER RIVER LAW BUILDING 6951 NORTH PARK DRIVE
PENNSAUKEN NJ 08109
**Phone:** 8564864343
**Name of Party:** PLAINTIFF : Young, William
**Name of Defendant's Primary Insurance Company (if known):** Cottingham & Butler Insurance Services

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** William Young? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/17/2022
Dated

/s/ STEVEN M PETRILLO
Signed

# EXHIBIT B

**CONNELL FOLEY LLP**
1085 Raymond Boulevard, Nineteenth Floor
Newark, NJ 07102
Telephone: 973.436.5800
Attorneys for Defendants, Western Express, Inc., and Henry McFadden

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM YOUNG,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>HENRY MCFADDEN, WESTERN EXPRESS,<br>INC., and/or JOHN DOE #1 through #5 (fictitious<br>names of yet to be identified parties to this<br>litigation), jointly, severally and/or in the alternative,<br><br>　　　　　　　　　Defendants. | Civil Action No.<br><br>**ANSWER TO COMPLAINT,<br>SEPARATE DEFENSES,<br>RESERVATION OF<br>COUNTERCLAIM, DEMAND<br>FOR STATEMENT OF<br>DAMAGES, JURY DEMAND,<br>AND CERTIFICATION** |

Defendants, Western Express, Inc., and Henry McFadden (collectively "Defendants"), by way of Answer to the allegations set forth in Plaintiff's Complaint hereby say:

### FIRST COUNT

1.　　Defendants lack sufficient information as to admit or deny the allegations set forth in Paragraph 1 of the First Count of the Complaint and therefore no response is interposed thereto.

2.　　Defendants admit that Henry McFadden was operating a motor vehicle owned by Western Express, Inc.  Defendants deny the remainder of the allegations set forth in Paragraph 2 of the First Count of the Complaint.

3.　　Defendants deny the allegations set forth in Paragraph 3 of the First Count of the Complaint.

6642498-1

4.      Defendants deny the allegations set forth in Paragraph 4 of the First Count of the Complaint.

## SECOND COUNT

1.      Defendants repeat each and every answer to the allegations set forth in the First Count of the Complaint and make them a part hereof as if set forth at length..

2.      Defendants admit that Henry McFadden was operating the motor vehicle in the course and scope of his employment with Western Express, Inc.  Defendants deny the remainder of the allegations set forth in Paragraph 2 of the Second Count of the Complaint.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Second Count of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Second Count of the Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Upon information and belief, plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Upon information and belief, plaintiff's Complaint fails to contain any facts which are sufficient to support a claim of negligence as to Defendants.

### THIRD SEPARATE DEFENSE

Upon information and belief, the injuries about which plaintiff complains were not proximately caused by any authorized actions by Defendants and/or their employees, agents, servants or representatives.

6642498-1

### FOURTH SEPARATE DEFENSE

Upon information and belief, plaintiff's right to recover damages is either barred or diminished by plaintiff's actions under the doctrine of comparative negligence.

### FIFTH SEPARATE DEFENSE

Upon information and belief, plaintiff's injuries were caused by third parties over whom Defendants had no control.

### SIXTH SEPARATE DEFENSE

Upon information and belief, Defendants breached no duty owed or owing to plaintiff at all relevant times.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, plaintiff has wrongfully failed to mitigate his damages as required by law.

### EIGHTH SEPARATE DEFENSE

Defendants reserve the right to assert that plaintiff's claims are barred by the applicable statute of limitations.

### NINTH SEPARATE DEFENSE

That by failing and neglecting to exercise ordinary care in making use of available seat belts, upon information and belief, plaintiff acted unreasonably and in disregard of plaintiff's own best interests and that all or a portion of the injuries plaintiff sustained could have been eliminated or minimized by the exercise of reasonable conduct in using the available seat belts.

### RESERVATION OF COUNTERCLAIM UNDER
### N.J.S.A. 2A:15-59.1 AND/OR R. 11

Defendants hereby assert that an award of counsel fees and costs may be sought at the appropriate time due to the frivolous nature of this action.

6642498-1

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to the automatic disclosure provisions of <u>Fed.</u> <u>R.</u> <u>Civ.</u> <u>P.</u> 26(a)(1)(A)(iii), demand is hereby made that plaintiff provide Defendants with a written statement setting forth a computation of each category of damages claimed in this action.

## JURY DEMAND

Defendants hereby demand a trial by jury.

## LOCAL CIVIL RULE 11.2

I, Matthew W. Bauer, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**CONNELL FOLEY LLP**
Attorneys for Defendants,
Western Express, Inc., and Henry McFadden

By: _____
        Matthew W. Bauer

Dated:   September 12, 2022

6642498-1